OPINION
Appellant Jason Feister appeals the February 26, 2001 Judgment Entry of the Tuscarawas County Court of Common Pleas, Juvenile Division, which adjudicated him a delinquent child and ordered his detention in the Juvenile Attention Center. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On November 13, 2000, complainant Donald Wolfe of the Rogers Group Home filed a complaint with the Columbiana County Court of Common Pleas, Juvenile Division, alleging appellant was a delinquent child. Mr. Wolfe alleged appellant escaped through a window of the Rogers Boys Group Home without permission on November 11, 2000. In a November 17, 2000 Judgment Entry, appellant's case was transferred to the Tuscarawas County Court of Common Pleas, Juvenile Division.
On November 28, 2000, appellant was arraigned on the charge before Magistrate David Worth. Magistrate Worth explained general constitutional rights to the group of juvenile offenders gathered for arraignment that day. When appellant's case was called, Magistrate Worth addressed appellant individually. Magistrate Worth explained the charges against appellant and the facts alleged in support of the charges. Magistrate Worth also asked appellant if he had any questions about the charge. When appellant had no questions, Magistrate Worth asked if appellant was prepared to enter an admission or denial to the charge at that time. Appellant entered a denial. Magistrate Worth then appointed counsel for appellant.
Further, on November 28, 2000, appellant signed a form entitled These Are Your Rights in Juvenile Court. This form contained the statutory and constitutional rights afforded to appellant as one charged with a juvenile offense.
On February 23, 2001, the trial court convened to conduct an adjudicatory hearing. At that time, appellant withdrew his former plea of denial and changed his plea to an admission. Before Judge Linda Kate would accept appellant's admission, she explained appellant's constitutional rights and the consequences of appellant's admission of the charge. The trial court explained by making the admission appellant would give up his right to make the State present evidence and witnesses against him, and to prove beyond a reasonable doubt appellant had committed the offense. Appellant acknowledged he gave up his right to permit his attorney to cross-examine witnesses and to present witnesses on his behalf. Appellant also acknowledged he understood he would give up his right against self incrimination by his admission, and give up most of his rights on appeal. Appellant agreed the trial court had made absolutely no promise with regard to the disposition to be imposed.
The trial court also set forth potential dispositions for the offense. Appellant acknowledged he was satisfied with the legal assistance he had received from his attorney and stated he had no questions. The trial court accepted appellant's admission to one count of escape.
In a February 26, 2001 Judgment Entry, the trial court adjudicated appellant a delinquent child and ordered appellant detained in the Juvenile Attention Center. It is from this Judgment Entry appellant prosecutes this appeal, assigning the following as error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ACCEPTING AN ADMISSION BEFORE DETERMINING THAT THE ADMISSION WAS KNOWING, VOLUNTARY, AND INTELLIGENT, WHEN IT FAILED TO ASCERTAIN WHETHER NOTICE REQUIREMENTS WERE MET, THUS VIOLATING THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION SIXTEEN OF THE OHIO CONSTITUTION AND JUVENILE RULE 29.
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ACCEPTING AN ADMISSION BEFORE DETERMINING THAT THE YOUTH UNDERSTOOD THE RIGHTS HE WAS WAIVING, MAKES [SIC] THE ADMISSION NOT KNOWING, VOLUNTARY AND INTELLIGENT, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITES STATES CONSTITUTION AND ARTICLE I, SECTION SIXTEEN OF THE OHIO CONSTITUTION AND JUVENILE RULE 29.
 I
In his first assignment of error, appellant maintains the trial court erred in accepting his admission before advising him of the alleged facts in relation to the offense charged. Appellant argues the trial court's failure to advise him of this information at the time of the admission requires a reversal pursuant to Juv. R. 29. We disagree.
Before a trial court may accept an admission to an offense in a juvenile case it must comply with Juv. R. 29. The rule states, in pertinent part:
* * *
 (B) Advisement and findings at the commencement of the hearing
 At the beginning of the hearing, the court shall do all of the following:
* * *
 (2) Inform the parties of the substance of the complaint, the purpose of the hearing, and possible consequences of the hearing, including the possibility that the cause may be transferred to the appropriate adult court under Juv. R. 30 where the complaint alleges that a child fifteen years of age or over is delinquent by conduct that would constitute a felony if committed by an adult;
* * *
(C) Entry of admission or denial
 The court shall request each party against whom allegations are being made in the complaint to admit or deny the allegations. A failure or refusal to admit the allegations shall be deemed a denial, except in cases where the court consents to entry of a plea of no contest.
(D) Initial procedure upon entry of an admission
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
* * *
(E) Initial procedure upon entry of a denial
If a party denies the allegations, the court shall:
 (1) Direct the prosecuting attorney or another attorney-at-law to assist the court by presenting evidence in support of the allegations of a complaint;
(2) Order the separation of witnesses * * *;
(3) Take all testimony * * *; and
 (4) Determine the issues by proof beyond a reasonable doubt * * *
(F) Procedure upon determination of the issues
 Upon the determination of the issues, the court shall do one of the following:
* * *
 (2) If the allegations of the complaint, * * * are admitted * * * do any one of the following * * *:
 (a) Enter an adjudication and proceed forthwith to disposition;
* * *
We note the Juvenile Rules generally provide the protections and procedures similar to those set forth in the Ohio Rules of Criminal Procedure. However, the juvenile rules differ from the criminal rules in a number of respects. For example, Crim. R. 10 is dedicated to the arraignment procedure, but there is no parallel juvenile rule. Because there is no juvenile rule dedicated to an arraignment, we look to the definition of "adjudicatory hearing." Juv. R. 2 defines "[a]djudicatory hearing" to mean "a hearing to determine whether a child is a * * * delinquent, * * * or otherwise within the jurisdiction of the court." Juv. R. 27 permits a juvenile court to "adjourn its hearings from time to time."
Our review of Juv. R. 2, 27, and 29 indicates an arraignment in a juvenile action is governed under the provisions of Juv. R. 29, the adjudicatory hearing. It appears, although the word "arraignment" is never used, Juv. R. 29(B) and (C), supra, constitute the parallel of a criminal arraignment as provided under Crim. R. 10. If a juvenile should choose to admit to the offense, Juv. R. 29(D) sets forth the requirements before the trial court may accept an admission. If the juvenile denies the offense, Juv. R. 29(E) sets forth the procedure for the process of a delinquency adjudication.
In the matter sub judice, appellant was "arraigned" on November 28, 2000. Because, as set forth above, this was the beginning of the adjudicatory hearing,[1] the trial court was required to comply with Juv. R. 29(B). At that time, the following colloquy took place on the record:
 COURT: * * * All of you have a right to be represented by an attorney of your choice. If you cannot afford to hire a private attorney and you wish to be represented by counsel, please let me know and we will appoint the Public Defender's Office to represent you at no charge to yourself if you financially qualify for their services. All of you have a right to either admit or deny your charges today. If you admit them then I will probably proceed to a disposition immediately although I can postpone that for another time if I find that to be appropriate. If you deny your charges you are entitled to have a trial. First of all we will set your case for a pre-trial and notify you by mail when to come back. The Prosecutor will be here at that hearing, you'll be given an opportunity to try to resolve this matter with him short of a trial. If you're unable to do so then you do have a right to a trial over which I would preside. You do not have a right to a jury trial as you are juveniles. You are presumed innocent by this Court until the State proves you're guilty beyond a reasonable doubt. You have the right to make the State present evidence and witnesses against you to show in fact that you have committed these offenses. You or your attorney have a right to cross examine, all the people that would be called to testify against you. You have a right to take the stand and testify on your own behalf and you have a right to present witnesses in your own defense. You also have a right however to remain silent and not make any statements that we can use against you. It means you have a right in all of these hearings, including a trial, to remain silent and never admit that you've done anything wrong. If you have a trial and there's an unfavorable result as far as you're concerned, you have a right to appeal your case to the Court of Appeals for review. In order to do that you must provide them with a transcript of your trial and it costs money to have that prepared. If you cannot afford to have that done we will provide you with a free transcript as well as an attorney to help you perfect your appeal. * * * In addition to these things, if you have committed a delinquency offense, I have the right to commit you to the temporary custody of the Multi-County Juvenile Attention System for placement in one of their facilities. I can also commit you to the legal custody of the Ohio Department of Youth Services if you are over the age of fourteen and you have committed a felony. I may also fine you up to eighteen hundred dollars and Court costs for each one of your offenses.
* * *
JASON FEISTER: Yeah.
 MAGISTRATE DAVID WORTH: Okay, and Jason you're here with your mother?
JASON FEISTER: Yeah.
 MAGISTRATE DAVID WORTH: Carrie Haddock, and is any other parent or anybody else here with Jason?
JASON FEISTER: My grandparent, my grandpa.
 MAGISTRATE DAVID WORTH: Okay, right. Now Jason you're charged with the following, it alleges, the complaint that was filed here by Donald Wolf of the Rogers Group Home says, the undersigned, Donald Wolf, Rogers Boys Group Home, after first being duly cautioned and sworn says that he had knowledge of a certain child, to-wit, Jason Feister, age fifteen, date of birth, August 31, 1985, who appears to be a delinquent child, in that on or about the 11th day of November, 2000, Columbiana County, Ohio, the above named Juvenile did knowingly, while under detention, or being reckless in that regard, purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement, in violation Ohio Revised Code Section 2921.34(A)(1), to-wit, and the more helpful explanation possibly, said Juvenile escaped through a window and left the Rogers Boys Group Home without permission. Said Juvenile was at the home for misdemeanor charges. If committed by an adult, this constitutes a misdemeanor of the first degree and is contrary to Ohio Revised Code Section 2151.02. Now Jason do you have questions about the charge that's been brought against you here today? You need to answer . . .
JASON FEISTER: No.
MAGISTRATE DAVID WORTH: You do not.?
JASON FEISTER: No I don't.
 MAGISTRATE DAVID WORTH: Okay, and Carrie Haddock, do you have any questions about the charge here today?
CARRIE HADDOCK: No.
 MAGISTRATE DAVID WORTH: Jason are you prepared to enter an admission or a denial to this charge at this time?
JASON FEISTER: Deny.
 MAGISTRATE DAVID WORTH: You deny, okay, and do you wish to have legal counsel appointed to represent you in this Case?
JASON FEISTER: Yes I do.
MAGISTRATE DAVID WORTH: Alright. * * *[2]
After appellant denied the charge, the trial court set a date for "trial." We conclude the trial court actually adjourned the "adjudicatory hearing" pursuant to Juv. R. 27. The trial court reconvened the hearing on February 23, 2001, at which time appellant appeared before the trial court with his attorney to withdraw his denial to the charges and to enter an admission. Before accepting any such admission, the trial court was required to comply with Juv. R. 29(D). At that time, the following exchange took place on the record:
 COURT: * * * We are here for adjudicatory hearing. Jason is here with his Attorney, Mr. Bohse, and his mother is present. Mr. Wolfe. is here from the group home, the State of Ohio is represented by Scott Deedrick. Jason your Lawyer has indicated to me that you wish to change your plea and admit this charge today. I want to make sure you understand what the consequences of that are before you actually do that. Now you remember when we conducted the arraignment we had certain rights that we explained to you and certain options, do you remember that?
JASON FEISTER: Yes I do.
 COURT: Alright. If you admit this today without a trial you're basically giving up most of those rights. You would be giving up your right to a trial that we are prepared to give you today, do you understand that?
JASON FEISTER: Yes I do.
 COURT: We are, you will be giving up your right to make the State present evidence and witnesses against you today and prove beyond a reasonable doubt that you committed this offense. You're giving up your right to allow your Lawyer to cross examine those witnesses on your behalf. You're giving up your right to allow your Lawyer to present evidence and witnesses on your own behalf at a trial. You're giving up your right against self-incrimination if you admit this today, because you're making a statement that I'll use against you to the extent that I will proceed to a disposition or sentencing, do you understand that?
JASON FEISTER: Yes I do.
 COURT: Do you understand that you are giving up most of your rights of appeal? There are some rights of appeal that remain after an admission to a juvenile charge but most of them are waived. You do have a right to file an appeal within thirty days of the date of my final entry, and you have a right to a free attorney to help you in that appeal, you also have a right to a free transcript of all of these proceedings to be filed with the Court of Appeals so they can review that. Do you understand those things?
JASON FEISTER: Yes I do.
 COURT: Now I have made absolutely no promises whatsoever to your Lawyer about any disposition that I would impose upon you today. You're not eligible to be sent to the Department of Youth Services, but you are eligible to be held within the Multi-County Juvenile Attention System for further placement in another one of their facilities, I can place you on probation, I can fine you up to one hundred dollars and Court costs, I can place you in the custody of the Department of Human Services for placement in a treatment facility or a foster home, I can take your driver's license until you're twenty-one if you've got one or suspend your right to get one, do you understand those things?
JASON FESTER: Yes I do.
 COURT: Okay, you understand that I have not promised Mr. Bohse anything about what will happen if you admit this today?
JASON FEISTER: Yes.
 COURT: Are you satisfied with the legal assistance you've gotten from Mr. Bohse in this matter?
JASON FEISTER: Yeah.
COURT: Do you have any questions at all about anything?
JASON FEISTER: No.
 COURT: Is it your desire to admit this then, this is one count of, um, let's see, you are charged with escape which is in this case a misdemeanor of the first degree. Excuse me a minute. So, it is your desire now to admit one count of escape here?
JASON FEISTER: Yes it is.
 COURT: Alright, I will accept an admission. I will find you to be delinquent by way of that change of plea. * * *
We find the trial court's colloquy and explanation was in compliance with Juv. R. 29, supra. Even though the trial court did not reiterate the allegations explained at the "arraignment," the trial court did comply with the requirements set forth in Juv. R. 29(D). Pursuant to Juv. R. 29(D)(1), the trial court determined appellant made the admission voluntarily, with an understanding of the nature of the allegations and the consequences of the admission. Pursuant to Juv. R. 29(D)(2), the trial court determined appellant understood, by entering an admission, he would waive his right to challenge the witnesses and evidence against him; his right to remain silent; and his right to introduce evidence at the adjudicatory hearing. Accordingly, the trial court did not err in accepting appellant's admission to the charge. Appellant's first assignment of error is overruled.
 II
In appellant's second assignment of error, he maintains the trial court erred in accepting appellant's admission without engaging him in a meaningful colloquy about the rights he waived. Specifically, appellant contends the trial court could not determine whether appellant's admission was knowing, voluntary, and intelligent because it only elicited "positive responses" from Jason.[3] Further, although not specifically assigned as error, appellant maintains the trial court failed to inquire whether appellant had anything he wished to say before imposing a disposition. We disagree with each of appellant's contentions.
As set forth above, Juv. R. 29 sets forth requirements under which a trial court may accept an admission. We find the trial court fulfilled its obligations under the rule. (See our discussion of appellant's first assignment of error, supra.) Accordingly, the first portion of appellant's second assignment of error is overruled.
As to the second portion of appellant's second assignment of error, we note appellant cites no law for the proposition the trial court is required to inquire whether appellant had anything to say before imposing a disposition. We see no error in the trial court's acceptance of appellant's admission or in the trial court's decision to proceed to disposition. Accordingly, the second portion of appellant's second assignment of error is overruled.
The February 26, 2001 Judgment Entry of the Tuscarawas County Court of Common Pleas, Juvenile Division is affirmed.
By: Hoffman, P.J. Farmer, J. and Wise, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, The February 26, 2001 Judgment Entry of the Tuscarawas County Court of Common Pleas, Juvenile Division is affirmed. Costs assessed to appellant.
[1] Juv. R. 29(B).
[2] Arraignment Tr. at 106. (Emphasis added).
[3] Appellant's Brief at 10.